Nott, J.,
delivered the opinion of the court:
This is an action brought to recover the proceeds of seven bales of upland cotton captured at Savannah, amounting to $1,200 in gold, as is alleged.
The claimant is a religious corporation, duly incorporated, it is claimed, in 1862, under the statutes of the State of Georgia, and has been exercising its franchise, it is shown, ever since, in Savannah.
In August, 1864, the president of its trustees, being duly authorized by the board of trustees, purchased with the money of the congregation seven bales of upland cotton. No one but the congregation (meaning thereby the incorporated body) had any interest in the cotton. It was held as an investment till captured, and was then reported by the trustees as the property of the congregation.
The claimant has shown, so far as a body corporate can do so, that it never gave aid or comfort to the rebellion, by showing that it was incorporated for religious purposes entirely, and that it never applied any part of its funds to help the rebellion. The capture of the cotton is satisfactorily shown both by the testimony of witnesses and the official record of the Quartermaster Department. The proceeds in the Treasury amount to $1,227 31.
Two questions have arisen in the case, which were previously presented to the court on motion, and elaborately argued. It was objected on the part of the defendants: First, that the incorporation of the society must be proved by the production of its charter, and that parol evidence is not admissible to show the exercise of its franchise until the fact of its incorporation be first established. Second, that the trustees of a body corporate are not competent witnesses for the corporation, and cannot be allowed to testify within the true intent and meaning of the Act 25th June, 1868, (15 Stat. L., p. 75, § 4.) *
The court, after due deliberation, decided: First, that the *245 rule wbicb ordinarily prevails should also govern actions under tbe Abandoned, or captured property act, and tbat tbe claimant should not be required to prove its incorporation unless tbe allegation of its1 incorporation be specially traversed. Second, tbat tbe trustees of a religious incorporation are neither “claimants” nor “persons interested,” within tbe true intent andmeaning of tbe statute which prohibits claimants and persons interested from testifying in this court against tbe United States. To those decisions we still adhere. Where the plea of nul Mel corporation is not pleaded in these abandoned or captured property cases, and the property has been taken from the possession of the corporation, or has been duly reported as owned by it, the defendants will be deemed to have dealt with it in its corporate capacity sufficiently to bring themselves within the ordinary rule.
And with respect to the statute regulating evidence in this court, we still think it was never intended by Congress that it should be extended beyond claimants prosecuting suits in their own names or for their own advantage, and persons who might, take a direct pecuniary or material advantage from the result. These trustees are neither such claimants nor such persons interested. They do not prosecute the suit in their own names, nor will they acquire anything by its result. Therefore, their testimony should be admitted.
The judgment of the court is, that the claimant recover from the defendants the net proceeds, now in the Treasury of the United States, of seven bales of upland cotton, captured at Savannah] being $175 33 a bale, amounting in the aggregate to $1,227 31.
Peck, J., did not sit in- this case and took no part in the decision.